UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROY REYNOLDS, SR.,

          Plaintiff,

v.                                                 **DECISION AND ORDER**
                                                 14-CV-255S

DETECTIVE PATRICIA MCCOON and
TIFFANY HERTEL, *Parole Officer,*

          Defendants.

        1.        Plaintiff Roy Reynolds, Sr., filed this *pro se* action on April 10, 2014, seeking relief under 42 U.S.C. § 1983.  Plaintiff has filed an amended complaint (Docket No. 5), which is now the operative pleading.  Plaintiff's claims arise out of Defendants' search and seizure of his home and vehicle during the investigation of a rape accusation, as more particularly stated in the amended complaint.  Presently before this Court is Defendant Tiffany Hertel's Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 10.)  For the following reasons, Defendant Hertel's motion is granted.[1]

        2.        On July 10, 2014, the court granted Plaintiff permission to proceed *in forma pauperis*. (Docket No. 4.)  It also determined that as to Defendant Hertel, the initial complaint lacked sufficient supporting facts to state unlawful arrest and unlawful seizure claims.  (Id.) Consequently, the court dismissed each claim without prejudice and afforded

---

[1]Cognizant of the distinct disadvantages that pro se litigants face, federal courts routinely read their submissions liberally and interpret them to raise the strongest arguments that they suggest.  See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  This is especially important when reviewing pro se Complaints alleging civil rights violations.  See Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir. 2001).  Since Plaintiff is proceeding pro se, this Court has considered his submissions and arguments accordingly.

Plaintiff the opportunity to file an amended complaint "to state a Fourth Amendment claim related to the alleged seizure of his automobile."  (Docket No. 4.)

3. On August 14, 2014, Plaintiff filed an amended complaint, which *inter alia*, asserts Fourth Amendment claims against Defendant Hertel. (Docket No. 5.)  The court screened the amended complaint on August 24, 2015, and, as pertinent here, determined that it sufficiently states claims against Defendant Hertel such that service should be effectuated. (Docket No. 8.)

4. In evaluating the amended complaint, this Court must accept as true all of the factual allegations and must draw all inferences in Plaintiff's favor.  See Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999).  Moreover, "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations." McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); see Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998) ("The policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'").  Nevertheless, even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure.  Wynder v. McMahon, 360 F.3d 73 (2d Cir. 2004).

5. To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1937, 1955, L. Ed. 2d 868 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Id. "Additionally, while *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the court should look for such allegations by reading the complaint with 'special solicitude' and interpreting it to raise the strongest claims it suggests." Austin v. Fischer, 453 Fed. App'x 80, 83 (2d Cir. 2011) (summary order) (citing Triestman v. Fed. Bureau. of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006), in turn quoting Routolo v. I.R.S., 28 F.3d 6, 8 (2d Cir. 1994)).

6. Here, Plaintiff alleges that on October 16, 2012, Defendant Hertel violated his Fourth Amendment and Due Process rights. Specifically, Plaintiff alleges that Defendant Hertel, who was his parole officer, arrived at his home with Detective McCoon and directed him to cooperate with the police, who were investigating a rape allegation. (Amended Complaint, at 8.) Plaintiff also alleges that Defendant Hertel (1) ordered him to provide Detective McCoon with his car keys, (2) searched his home, (3) allowed Detective McCoon to seize a red vest, and (4) prepared a false police investigation report implicating him in the rape. (Amended Complaint, at 8-9.)

7. During the search of Plaintiff's residence, Defendant Hertel discovered a can of beer on a dresser in Plaintiff's bedroom. (Amended Complaint, at 8-9.) Plaintiff denies that the beer was his and asserts that it was left behind by a friend who had been drinking. (Id.) Defendant Hertel did not administer a Breathalyzer nor any other test to determine if Plaintiff had been drinking at that time. (Id.) Nonetheless, Defendant Hertel subsequently served Plaintiff with parole violation papers, accusing Plaintiff of consuming alcohol. (Id.)

8. From a liberal reading of the amended complaint, Plaintiff appears to assert three claims against Defendant Hertel: first, that Defendant Hertel unlawfully seized his

vehicle and illegally searched his home; second, that Defendant Hertel allowed Detective McCoon to illegally seize his personal belongings; and third, that Defendant Hertel defamed him by preparing a false police incident report.  Each claim is discussed in turn.

9. Civil liability is imposed under § 1983 only upon persons who, acting under color of state law, deprive an individual of rights, privileges, or immunities secured by the constitution and laws.  See 42 U.S.C. § 1983.  On its own, § 1983 does not provide a source of substantive rights, but rather, a method for vindicating federal rights conferred elsewhere in the federal statutes and Constitution.  See Graham v. Connor, 490 U.S. 386, 393-94,109 S. Ct. 1865, 1870, 104 L.Ed.2d 443 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 145 n. 3, 99 S. Ct. 2689, 2695, 61 L. Ed. 2d 433 (1979)).

10. To properly plead a cause of action under § 1983, a plaintiff's complaint must include allegations that the challenged conduct "(1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Whalen v. County of Fulton, 126 F.3d 400, 405 (2d Cir. 1997); Hubbard v. J.C. Penney Dep't Store, 05-CV-6042, 2005 WL 1490304, at *1 (W.D.N.Y. June 14, 2005).  Here, Plaintiff alleges violations of the Fourth Amendment.

11. Plaintiff's first claim encompasses two alleged Fourth Amendment violations, that Defendant Hertel unlawfully seized his vehicle and that she illegally searched his home.  In conjunction with the alleged illegal seizure, Plaintiff included a copy of a search warrant for his car with his amended complaint.[2]  (Amended Complaint, at 17-18.)

---

[2]When confronted with a Rule 12(b)(6) motion, the court is confined to the allegations contained within the "four corners" of the complaint.  Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998).  The court may also examine "any written instrument attached to [the complaint] or any statements or documents incorporated in it by reference," as well as any document on which the complaint heavily relies.  Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002).  Since Plaintiff attached the

"Normally, the issuance of a warrant by a neutral magistrate creates a presumption of probable cause." Johnston v. Town of Greece, 983 F. Supp. 348, 353 (W.D.N.Y. 1997). This presumption can be overcome, but the burden rests on the plaintiff to establish that the warrant was issued on less than probable cause. Galen v. City of New Haven, 950 F.2d 864m 870-71 (2d Cir. 1991); see also Rivera v. U.S., 928 F.2d 592, 602 (2d Cir. 1991).

12. Here, the warrant to search Plaintiff's vehicle was signed and executed on October 16, 2012. (Amended Complaint, at 17-18.) The warrant authorized the search of a gold Cadillac Eldorado specifically "registered to Roy Reynolds." (Id. at 17.) The warrant further authorized the search of "the entire vehicle including all interior storage areas, trunk and all interior and exterior searches." (Id. at 17.) Under governing law, such a warrant also authorizes the seizure of the vehicle. See United States v. Ponce, 947 F.2d 646, 651 (2d Cir. 1991) (recognizing that the Supreme Court "has noted that when police have probable cause to search a particular automobile for particular articles, one of the options open to them is to seize the car and hold it."); see also Coolidge v. New Hampshire, 403 U.S. 443, 463, 91 S. Ct. 2022, 2037, 29 L. Ed. 2d. 564 (1971). Consequently, because a valid warrant existed, and because Plaintiff does not allege that the warrant was want of probable cause, Plaintiff fails to state a Fourth Amendment claim related to Hertel's ordering him to provide McCoon his keys to effectuate the lawful search and seizure of his vehicle.

13. Plaintiff's other Fourth Amendment claim is that Defendant Hertel illegally searched his home with Detective McCoon. Plaintiff alleges that Defendant Hertel was

---

warrant to his amended complaint, this Court can consider it.

present for the search only so that Detective McCoon could execute a "free search of my home." (Amended Complaint, at 8.) Plaintiff admits, however, that he was on parole at the time in question and that Defendant Hertel, as his parole officer, had authority to search his home at anytime without a warrant.

      14.    The Supreme Court and the Second Circuit have held that the special-needs exception applies to searches of the residences of parolees, who have "severely diminished expectations of privacy by virtue of their status alone." Frego v. Kelsick, No. 11-CV-5462 SJF SIL, 2015 WL 332126, at *9 (E.D.N.Y. Jan. 23, 2015) (quoting Samson v. California, 547 U.S. 843, 844, 126 S.Ct. 1293, 1295, 165 L. Ed. 2d 250 (2006)). Further, "the Second Circuit has held that '[w]eighed against this 'severely diminished' privacy expectation,' the State's interest in monitoring parolees is 'clearly sufficient' to justify the search of a parolee's residence without a warrant. Id. (quoting United States v. Quinones, 457 F. App'x 68, 70 (2d Cir. 2012)). Parole officers also "have a duty 'to investigate whether a parolee is violating the conditions of his parole, . . . one of which, of course, is that the parolee commit[s] no further crimes." United States v. Barner, 666 F.3d 79, 85 (2d Cir. 2012) (quoting United States v. Reyes, 283 F.3d 446, 459 (2d Cir. 2002)). Therefore, a parole officer may search the parolee's home so long as the search is "rationally and reasonably related to the performance of the parole officer's duty." Barner, 666 F.3d at 84.

      15.    Plaintiff admits in the amended complaint that he was on parole and that Detective McCoon and Defendant Hertel were investigating a rape accusation in which he was a suspect. (Amended Complaint, at 8.) Further, as previously discussed, Detective McCoon and Defendant Hertel possessed a valid search warrant for Plaintiff's vehicle, which was premised on the issuing judge's finding that probable cause existed that

evidence of criminal conduct may be found in Plaintiff's vehicle. Under these circumstances, and in light of Plaintiff's status as a parolee, the search of Plaintiff's home was both reasonable and rationally related to the performance of Defendant Hertel's duties as a parole officer. Plaintiff therefore fails to state a viable Fourth Amendment claim.[3]

16. Plaintiff's second claim is that Defendant Hertel "allowed" Detective McCoon to seize his red vest, constituting a violation of his Fourth Amendment rights. (Id. at 10.) Plaintiff does not, however, allege any personal involvement on Hertel's part in the seizure of the vest. This claim therefore must be dismissed, since personal involvement in an alleged constitutional deprivation is required for liability under § 1983.[4] See McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977); Richardson v. Coughlin, 101 F. Supp. 2d 127, 129 (W.D.N.Y. 2000); Pritchett v. Artuz, No. 99 Civ. 3957 (SAS), 2000 WL 4157, at *5 (S.D.N.Y. Jan. 3, 2000); Haygood v. City of New York, 64 F. Supp. 2d 275, 280 (S.D.N.Y. 1999) (noting that personal involvement in the deprivation of federal constitutional rights is the *sine qua non* of liability under § 1983).

17. Finally, Plaintiff appears to allege a state law defamation claim against Defendant Hertel based on his allegation that Defendant Hertel "forged and perjur[ed]" a police incident report implicating him in the rape. (Amended Complaint, at 10.) Under New

---

[3] As noted, Plaintiff further claims that during the search of his home, Defendant Hertel seized a can of beer. (Amended Complaint, at 9.) Because it has already been determined that the search of Plaintiff's residence was permissible under the circumstances, the seizure of the beer was also permissible.

[4] Plaintiff also appears to allege that Defendant Hertel violated parole policies and his Due Process rights by exceeding her authority. (Amended Complaint, at 10.) This claim would also fail, because even a violation of a state law or regulation does not give rise to liability under § 1983. See Doe v. Conn. Dep't of Child & Youth Servs., 911 F.2d 868, 869 (2d Cir. 1990); Lopez v. Reynolds, 998 F. Supp. 252, 259 (W.D.N.Y. 1997) ("A prison inmate does not have a viable § 1983 claim based solely on prison officials' failure to adhere to the requirements of prison regulations, directives or policy statements."); see also Patterson v. Coughlin, 761 F.2d 886, 891 (2d Cir. 1985) ("state employee's failure to conform to state law does not in itself violate the Constitution and is not alone actionable under § 1983.) Consequently, any claim based on a violation of parole policy fails to state a § 1983 claim.

York law, however, employees of the Division of Parole, such as Defendant Hertel, are immune from suit "arising out of any act done or the failure to perform any act within the scope of employment and in the discharge of the duties by such officer or employee." N.Y. Exec. Law § 259-q(1).  Based on the allegations, Defendant Hertel was acting within the scope of her employment when she completed the incident report.  This claim also fails because even a violation of a state law or regulation does not give rise to liability under § 1983.  See Doe v. Conn. Dep't of Child & Youth Servs., 911 F.2d 868, 869 (2d Cir. 1990).  Consequently, Plaintiff fails to state a claim upon which relief can be granted.

18. For the reasons set forth above, this Court finds that Plaintiff has failed to state claims upon which relief can be granted against Defendant Hertel.  Consequently, Defendant Hertel's Motion to Dismiss will be granted and she will be terminated as a defendant in this action.


IT HEREBY IS ORDERED, that Defendant Hertel's Motion to Dismiss (Docket No. 10) is GRANTED.

FURTHER, that the Clerk of Court is directed to terminate Defendant Hertel as a defendant in this action.

SO ORDERED.


Dated: December 9, 2016
      Buffalo, New York

                                    /s/William M. Skretny
                                   WILLIAM M. SKRETNY
                             United States District Judge